Broco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso se impugna la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 28 de diciembre de 1994, notificada el 30 de diciembre de 1994, en la cual se denegó un recurso de revisión administrativa por falta de jurisdicción.
Por entender que el tribunal de instancia tenía jurisdicción, expedimos el auto y revocamos la sentencia.
El peticionario solicitó ante la Administración de Reglamentos y Permisos (A.R.P.E.) un permiso de uso para operar un taller de hojalatería y pintura, el cual fue denegado por esta agencia. El peticionario acudió ante la Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta) con el fin de revisar el dictamen de A.R.P.E.
El 23 de junio de 1994 la Junta ordenó devolver el caso a A.R.P.E. para que se sometiera anteproyecto de construcción para legalizar estructuras clandestinas y el uso existente y para que se evalúe el Formulario de Impacto Ambiental A.R.P.E.-15.85. Expresó la Junta que remitió el caso a A.R.P.E. a solicitud de esta agencia y con el allanamiento del peticionario.
El 8 de julio de 1994 el peticionario solicitó reconsideración a la Junta de la parte de la orden de 23 de junio de 1994 que requiere la presentación de un anteproyecto de construcción para legalizar estructuras clandestinas. Entiende el peticionario que esto es improcedente ya que alegadamente la estructura es legal y fue aprobada por los organismos pertinentes.
Existe controversia sobre la actuación de la Junta con respecto a la moción de reconsideración. La Junta alega que acogió la misma el día de su radicación y notificó de ello al peticionario. Por el contrario, señala el peticionario que nunca le fue notificada ninguna orden de la Junta en la cual ésta hubiese decidido acoger la moción.
En apoyo de su alegación de que notificó al peticionario su orden acogiendo la reconsideración, la Junta presentó copia de un documento (Apéndice: Anejo XV, pág. 83 de la Moción de Desestimación y en Cumplimiento de Orden) en el que se hace constar que se le envió copia de la orden al abogado del peticionario. En la referida notificación se le requirió que acusara recibo de la notificación.
*1406 La notificación de la Orden de la Junta de 8 de julio de 1994 fue recibida por A.R.P.E. En su Moción Sometiendo Documentos, A R.P.E. presentó ante la Junta un memorándum del ingeniero Teófilo Berrios Ramos. A.R.P.E. certificó haber remitido copia de esta mociór al abogado del peticionario al Apartado 8088 de Humacao, cuando el apartado correcto lo era el 8048.
El 22 de agosto de 1994 el peticionario radicó recurso de revisión ante el tribunal de instancia.
El 23 de agosto de 1994 la Junta notificó a las partes que en sesión ejecutiva celebrada el 18 de agosto de 1994, la Junta había denegado la moción de reconsideración del peticionario.
Mediante Moción de Desestimación de 3 de octubre de 1994, la Junta solicitó que se desestimara el recurso de revisión presentado ante el tribunal de instancia.
El tribunal de instancia dictó sentencia el 28 de diciembre de 1994 declarándose sin jurisdicción. Razonó el tribunal de instancia que habiendo la Junta notificado el 23 de agosto de 1994 la orden denegando la solicitud de reconsideración, considerando que la misma había sido previamente acogida, era prematuro el recurso de revisión radicado un día antes, es decir, el 22 de agosto de 1994.
Inconforme con la decisión del tribunal de instancia, el peticionario instó el presente recurso ante el Honorable Tribunal Supremo de Puerto Rico.
El peticionario imputó al tribunal de instancia la comisión de los siguientes errores:

"Primer Error

Hay que resolver si erró el Honorable Tribunal de Instancia al declararse sin jurisdicción en vista de que el caso ya estaba maduro al presentarse el recurso de revisión pues como queda claro de los hechos, a la fecha de la radicación del recurso de revisión, ello [el] 22 de agosto de 1994 ya la Junta había dispuesto de forma final, Resolución del 18 de agosto de 1994, en cuanto a la moción de reconsideración.

Segundo Error:

Resolver si no habiéndose recibido por la parte compareciente, ni probado por la Junta la notificación a la parte compareciente de una supuesta orden acogiendo para estudio la Moción de Reconsideración presentada por nosotros conforme al artículo 3.15 de la Ley 170 del 12 de agosto de 1988, 3 L P R. A 2165, estaba maduro para presentar recurso de revisión, erró Instancia al declararse sin jurisdicción, presumimos por inmadurez."

El 15 de agosto de 1995 el Tribunal Supremo dictó sentencia remitiendo a este Tribunal el presente recurso por ser este Tribunal el foro competente para atenderlo.
II
En su primer planteamiento de error el peticionario alega que la radicación del recurso de revisión, el 22 de agosto de 1994, ante el tribunal de instancia no es prematura ya que la Junta había decidido el 18 de agosto de 1994 su moción de reconsideración propone el peticionario que el punto de partida para el comienzo del término para recurrir al tribunal de instancia lo sea la fecha de la decisión de la Junta y no la fecha de su notificación. En vista de lo que más adelante resolvemos, entendemos que no es necesario que resolvamos este punto.
III
En su segundo planteamiento de error el peticionario señala que, no habiéndosele notificado la orden de la Junta acogiendo la moción de reconsideración, su recurso de revisión no es prematuro al haberse presentado dentro del término de 30 días que comenzó a transcurrir después de vencido el término de 15 días que tenía la Junta para acogerla, norma aplicable en los casos en que la reconsideración es rechazada de plano.
La sección 3.15 de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. see.
*1407 2165, dice lo siguiente:

"La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción cuya resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción. Si la agencia dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los noventa (90) días de haber sido radicada una moción acogida para resolución, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que el tribunal por justa causa, autorice a la agencia una prórroga para resolver, por un tiempo razonable.

La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial."

Entendemos que en el presente caso la Junta no ha presentado prueba fehaciente de que notificó al peticionario su orden acogiendo la moción de reconsideración. Tratándose de términos jurisdiccionales no basta que informe que envió la notificación. Aunque la referida notificación requiere del peticionario que acuse recibo de la misma, la Junta no dispone del acuse de recibo que hubiese demostrado que de hecho se notificó al peticionario. Aun en ausencia de la notificación el peticionario pudo haberse enterado de la intención de la Junta de acoger la reconsideración de haber recibido copia de la moción de 4 de agosto de 1994 de A.R.P.E. presentando documentos ante la Junta, pero el recibo de copia de esta moción por el peticionario pudo haberse frustrado por haberse dirigido a un apartado erróneo. Por lo tanto concluimos que no habiéndose acreditado la notificación al peticionario de la orden acogiendo la reconsideración corresponde determinar la jurisdicción del tribunal de instancia como expresamos en adelante.
Habiéndose radicado a tiempo —el 8 de julio de 1994— la Junta tenía 15 días para acogerla. El día número 15 es decir, el 23 de julio de 1994 fue sábado, por lo que el último día que tenía la Junta para acoger la reconsideración fue el 26 de julio de 1994, debido a que el 25 de julio de 1994 fue un día feriado. Si contamos el término de 30 días para revisión judicial desde el 27 de julio de 1994, el último día para recurrir al tribunal lo fue el 25 de agosto de 1994. Como el peticionario radicó su recurso de revisión en el tribunal de instancia el 22 de agosto de 1994, lo hizo dentro del término de 30 días.
Al no acreditarse fehacientemente la notificación de que la reconsideración fue acogida, debemos concluir que la misma fue rechazada de plano al vencer los 15 días que la Junta tenía para acogerla independientemente de que la Junta hubiese tenido la intención de acogerla. Al entender que la moción de reconsideración fue rechazada de plano concluimos que son inoficiosas las actuaciones de la Junta de 18 de agosto de 1994 (denegatoria de reconsideración) y de 23 de agosto de 1994 (notificación de la denegatoria de reconsideración). Al ser inoficiosas estas actuaciones las mismas no pueden ser utilizadas como puntos de partida para determinar la jurisdicción del tribunal de instancia.
Asumiendo, exclusivamente para fines de análisis que la Junta notificó al peticionario de su orden acogiendo la reconsideración, tampoco nos inclinaríamos a decidir que el tribunal de instancia carecía de jurisdicción. De tener validez la actuación de la Junta de 18 de agosto de 1994, ésta tardó 5 días en notificar la misma, con la consecuencia adversa al peticionario de que se le notificó la actuación el 23 de agosto de 1994 fecha muy cercana al vencimiento del término para recurrir aplicable a los casos en que no se acoge la reconsideración. Téngase presente que una parte que solicitó reconsideración que desconoce si su moción ha sido acogida no sabe si debe recurrir en el término disponible cuando se rechaza de plano la reconsideración o en cualquier otro término que resulte de una notificación de la denegación de una reconsideración acogida.
De contarse los 30 días para la revisión judicial desde el 23 de agosto de 1994, fecha de la notificación de la denegatoria de la reconsideración el último día para recurrir hubiera sido el 22 de *1408 septiembre de 1994. Cuando la Junta presenta Moción de Desestimación ante el tribunal de instancia, alegando que el recurso fue radicado un día antes de la notificación de la denegatoria de reconsideración lo hace el 3 de octubre de 1994, en un momento en que de tener éxito su planteamiento de prematuridad privaría al peticionario de la oportunidad de volver a radicar su recurso de revisión, dejándolo sin remedio. Las actuaciones de la Junta, al comparecer al tribunal en defensa de sus actuaciones, deben llevarse a cabo con el cuidado de no perjudicar los derechos de las partes. Aquí hubiese sido aconsejable presentar su solicitud de desestimación con mayor anticipación en vista de que el 22 de septiembre de 1994 hubiese sido el último día para recurrir en caso de haber prevalecido la posición de la Junta.
Asumiendo que el recurso de revisión se hubiese radicado un día antes de comenzar el término para recurrir de acuerdo a la posición que sostiene la Junta consideramos que el tribunal de instancia igualmente tendría jurisdicción. No podemos penalizar al peticionario por haber sido diligente.
La radicación del recurso ante el tribunal de instancia el 22 de agosto de 1994 se produjo en forma coetánea a las actuaciones de la Junta de 18 y 23 de agosto de 1994. En las circunstancias del presente recurso debemos interpretar el derecho con el propósito de salvaguardar el derecho del peticionario a recurrir al tribunal.
IV
Por las razones antes expresadas, se expide el auto de certiorari, se revoca la sentencia de 28 de diciembre de 1994, se le ordena al tribunal de instancia que asuma jurisdicción y considere los méritos del recurso de revisión que motivó la referida sentencia.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 26
1. Mediante la referida orden, la Junta requirió a las partes pronunciarse sobre la Moción de Reconsideración.
2. La referida Moción de Desestimación es de 3 de octubre de 1994. No se desprende la fecha de radicación que debió haber sido en esa fecha o en fecha posterior.